**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JANICE BRICE,

                                        **Plaintiff,**

-vs-                                                        **Case No.  6:08-cv-474-Orl-19KRS**

REGATTA BAY APARTMENT, CONCORD
MANAGEMENT, LTD.,

                                        **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES (Doc. No. 2)** |
| **FILED:** | **April 1, 2008** |

        On April 1, 2008, Plaintiff Janice Brice filed a complaint against Regatta Bay Apartment

Concord Management, LTD (Regatta Bay).  Doc. No. 1.  Brice also filed an application under 28

U.S.C. § 1915 to proceed without prepayment of fees.  Doc. No. 2.

        Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to consider whether Brice's

Complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief against a defendant who is immune from such relief.  *See also* Local Rule 4.07;

*Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e)

applies to all [*in forma pauperis*] litigants – prisoners who pay fees on an installment basis, prisoners

who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n. 1 (5th Cir.1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction even when a party has not challenged it. *See, e.g.*, *Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## I.     ALLEGATIONS OF THE COMPLAINT.

The complaint, which consists of one long, narrative paragraph, alleges that Brice filed a complaint with the U.S. Department of Housing and Urban Development (HUD) against Regatta Bay for "unfair housing practices." HUD assigned the claim to the Florida Commission on Human Relations (FCHR). Doc. No. 1 at 2. The FCHR held an administrative hearing on the complaint. At the hearing, Regatta Bay's counsel argued that "there was a mistake in calculating [Brice's] income . . . ." *Id.* Brice alleges that, at the hearing, she "provided enough evidence to prove that this was [an] illegal practice[]" which violated the Civil rights Act of 1968 and the Florida Fair Housing Act, § 760.20, Fla. Stat. She further alleges that Regatta Bay committed fraud and falsified legal documents in violation of "U.S. code: Crimes Title 18; Section 1001 and can be fined under this title or imprisoned not more than 5 years or both." *Id*.

Brice's complaint alleges that she has evidence proving that Regatta Bay did everything in its power to keep Brice and her family from being a resident at the complex to which she applied. Regatta

Bay's actions included providing false testimony, engaging in falsifying legal documents, withholding legal evidence, harassment, "[t]hreats of [n]otice," and fraudulently filing an eviction notice. *Id.* Such conduct caused Brice "mental anguish and depression." *Id.* Regatta Bay's actions resulted in criminal offenses and violations of the Fair Housing Act and the Civil Rights Act. *Id.*

## II.    ANALYSIS.

While Brice has listed a number of state and federal statutes, both civil and criminal, which she alleges that Regatta Bay has violated, she does not describe the actions that Regatta Bay performed in violation of these statutes.  It is not enough to simply list statutes in a complaint; a plaintiff must describe the facts concerning how the statutes were violated.  Furthermore, Brice does not specify what sort of relief she seeks.  Thus, the complaint does not contain a short and plain statement showing an entitlement to relief, and is accordingly deficient under the applicable standard.

As to Brice's claims that Regatta Bay violated state statutes or other Florida state laws, it is unclear what, if any, basis for federal jurisdiction exists for this court to adjudicate these claims.  This Court only has federal question jurisdiction to consider violations of the U.S. Constitution or other federal statutes.  Accordingly, it does not appear that this Court could exercise federal question jurisdiction over Brice's state law claims.  28 U.S.C. § 1331.

In order for the Court to exercise diversity jurisdiction over Brice's state law claims, the parties must be citizens of different states and the amount in controversy must exceed $75,000.00.  28 U.S.C. § 1332.  Brice does not allege the state in which she and the defendant are citizens, and there is no indication of any amount of money that is in controversy.  Therefore, the complaint is insufficient to establish that this Court could exercise diversity jurisdiction over her state law claims.  28 U.S.C. § 1332.

As to Brice's allegations that Regatta Bay violated criminal statutes, an individual may not bring criminal charges against someone by filing a complaint in this Court.  Rather, the individual should report alleged crimes to the local police or prosecutor.

For the foregoing reasons, the complaint is facially insufficient and should be dismissed.  The Eleventh Circuit has held that when a complaint is dismissed under § 1915(e), the plaintiff should be given leave to amend, if appropriate.  *See Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that a civil detainee should have been given leave to amend after the *sua sponte* dismissal of his complaint under § 1915(e)(2)(B)).

In the event Brice elects to file an amended complaint, she must specifically identify what actions taken by the defendant allegedly violate the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Brice must identify the specific provision of the Constitution, federal law, or treaty that was violated.  She must explain the actions taken by the defendant that allegedly violated the cited provision, describe how she was harmed by the defendant's actions, and describe the relief sought from the Court.  If Brice intends to assert a claim based on state law, she must show that this Court could exercise diversity jurisdiction, as discussed above.  Brice should indicate the date or dates on which the alleged violations occurred.  Brice must also identify any defendants with reasonable specificity by providing their complete names and addresses.  Finally, Brice should not include allegations about persons not named as defendants.

In an amended complaint, Brice should allege violations of different state and federal laws in separate paragraphs or counts of the complaint.  Brice should clearly indicate in each count which defendant or defendants she alleges violated the law at issue in that count of the complaint.

-4-

Brice also seeks to have an attorney appointed to represent her in this case.  It is well established that "[a] plaintiff in a civil case has no constitutional right to counsel."  *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).  No exceptional circumstances exist to support appointment of counsel in this case.

## III.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the complaint filed in this action, doc. no. 1, be **dismissed without prejudice**, and that the motion to proceed *in forma pauperis*, doc. no. 2, be **denied without prejudice**.  I further recommend that the Court give Brice eleven days from the date of the ruling on this Report and Recommendation to file an amended complaint that sets forth a cause of action and states the basis of this Court's jurisdiction.  If an amended complaint is filed, Brice may file a renewed motion to proceed *in forma pauperis*.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 6, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

-5-